JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, et al,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>PIMA CORPORATION, a California corporation, also doing business as ADVANCED CONSTRUCTION; and BIJAN PIROUZ, an individual,<br><br>　　　　　　Defendants. | CASE NO.:  CV15-5295 DMG (JCx)<br><br>**FINAL JUDGMENT** |

The Court having granted Plaintiffs' Motion for Default Judgment against Defendant Pima Corporation and Plaintiffs' Motions for Summary Judgment and for Attorney's Fees against Defendant Bijan Pirouz,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

A.　　Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, Trustees of the Southern California Pipe Trades Pensioners and Surviving Spouses Health Fund, Trustees of the Southern California Pipe Trades Retirement Trust Fund, Trustees of the Southern California Pipe Trades Defined

Contribution Trust Fund, Trustees of the Southern California Pipe Trades Vacation and Holiday Trust Fund, Trustees of the Southern California Pipe Trades Christmas Bonus Fund, Trustees of the Apprentice and Journeyman Training Trust Fund, Trustees of the Plumbers and Pipefitters National Pension Fund, and Trustees of the International Training Fund, shall recover from Defendant Pima Corporation, a California corporation also doing business as Advanced Construction, the principal amount of $744,694.59, plus attorney's fees and costs to be determined and post-judgment interest as provided by law from the date of entry of the judgment herein, and from Defendant Bijan Pirouz, an individual, the principal amount of $45,016.50, plus $48,737.10 in attorney's fees, $2,928.11 in litigation expenses, and post-judgment interest as provided by law from the date of entry of the judgment herein.

      B.     Pima Corporation and Bijan Pirouz, to the extent the documents are within their possession, custody, or control, shall produce to Plaintiffs, within fourteen (14) days of the date of service of this Judgment, the following documents maintained in the course of business of Pima Corporation:

      1.     All employee time cards, time sheets, payroll records (including Certified Payroll reports) and compensation records maintained in the course of business of Pima Corporation for the time period of August 1, 2014, through the date of production.

      2.     All of Employer's Quarterly Federal Tax Returns (Form 941) maintained in the course of business of Pima Corporation for the time period from August 1, 2014 through the date of production.

      3.     All Federal Form W-2 Statements to employees maintained in the course of business of Pima Corporation for the time period from August 1, 2014, through the date of production.

      4.     All Federal Form W-3 Reconciliation of Income Tax Withheld and Transmittal of W-2 Forms maintained in the course of business of Pima Corporation for the time period from August 1, 2014 through the date of production.

1
2
3
4       5. All Federal Form 1099 Miscellaneous Income Statements and Federal Form 1096 Reconciliation and Transmittal of 1099 Forms maintained in the course of business of Pima Corporation for the time period from August 1, 2014 through the date of production.

5
6
7       6. All Employer's Quarterly State of California Tax Returns (DE-3) maintained in the course of business of Pima Corporation for the time period from August 1, 2014 through the date of production.

8
9
10      7. All cash disbursement journals and check registers maintained in the course of business of Pima Corporation relating to the time period from August 1, 2014 through the date of production.

11
12
13      8. All daily job logs, diaries or foreman reports maintained in the course of business of Pima Corporation relating to the time period from August 1, 2014 through the date of production.

14
15
16      9. All invoices for materials, labor or services provided to Pima Corporation for work performed by Pima Corporation relating to the time period from August 1, 2014 through the date of production.

17
18
19      10. All canceled checks drawn on any account of Pima Corporation, and all monthly bank statements of Pima Corporation, relating to the time period from August 1, 2014 through the date of production.

20
21      11. All written agreements between Pima Corporation and any labor union covering the time period January 1, 2010 through the date of production.

22
23
24      12. All correspondence between Pima Corporation and any trustee, representative, agent or employee of any of the Trusts relating to the time period from January 1, 2010 through the date of production.

25
26
27
28      13. All correspondence between Pima Corporation and any representative, agent, or employee of the Southern California Pipe Trades Administrative Corporation, or of any local union of District Council No. 16, relating to the time period from January 1, 2010 through the date of production.

14. All notes or memoranda of communications between any trustee, representative, agent, or employee of the Trusts relating to the time period from January 1, 2010 through the date of production.

15. All notes or memoranda of communications between any representative, agent or employee of any local union of the District Council No. 16, and Pima Corporation, relating to the time period from January 1, 2010 through the date of production.

16. All monthly fringe benefit reports to any trust fund, including the Trusts, or to any administrative corporation, including the Southern California Pipe Trades Administrative Corporation, for reporting hours, wages, and fringe benefits on employees of Pima Corporation during the period of August 1, 2014 through the date of production.

17. All employee hour summaries prepared by or on behalf of any employees working for Pima Corporation during the period of August 1, 2014 through the date of production.

18. All daily job tickets, billings and invoices of Pima Corporation relating to the time period from August 1, 2014 through the date of production.

19. All documents submitted by Pima Corporation to any general contractor or public contracting agency, including, but not limited to, all certified payroll records for public works projects, which documents show the name, type of work, number of hours of work and specific jobsite location with regard to each employee of the Pima Corporation who performed work during the time period from August 1, 2014 through the date of production.

20. All bids, proposals, offers and estimates prepared by or on behalf of Pima Corporation during the period of August 1, 2014 through the date of production.

21. All subcontracts entered into between Pima Corporation and any third-party during the time period from August 1, 2014 through the date of production.

22. All job or project lists or charts prepared or used by Pima Corporation for the time period from January 1, 2010 through the date of production.

23. All worker's compensation insurance forms of Pima Corporation for the time period from August 1, 2014 through the date of production.

24. All accounts payable listings of Pima Corporation for the time period from August 1, 2014 through the date of production.

25. All 401k enrollment/change/opt-out forms completed by employees of Pima Corporation for the time period from August 1, 2014 through the date of production.

26. Any and all documents that evidence any work performed by any employees of Pima Corporation, for the time period from August 1, 2014 through the date of production.

Upon review of the above-referenced documents, Plaintiffs may file a motion to amend this Judgment to include any unpaid contributions, liquidated damages, interest, audit fees, attorney's fees, or costs not already awarded by this Court.

DATED: February 13, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE